```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

UNITED STATES OF AMERICA           :

    v.                              :    Criminal Case No. DKC 99-0272
                                                Civil Action No. DKC 20-1396
                                  :

DERRICK HOPETON BURFORD                  :

**MEMORANDUM OPINION**

    Mr. Derrick Hopeton Burford filed a motion, through counsel, to vacate judgment pursuant to 28 U.S.C. § 2255 on June 11, 2020, challenging his guilty plea and subsequent conviction. (ECF No. 34). Because Mr. Burford's period of supervised release expired prior to June 11, 2020, the date the pending motion to vacate judgment was filed, Mr. Burford (through counsel) was directed to show cause why his motion should not be denied as moot on October 29, 2021. (ECF No. 35). Counsel for Mr. Burford filed correspondence on November 12, 2021, agreeing that Mr. Burford was not in custody on the date his § 2255 motion was filed and advising that Mr. Burford was sent a letter asking him whether he wants voluntarily to withdraw his motion but no response had been received from Mr. Burford. (ECF No. 36).

    Assistant Federal Public Defenders Paresh Patel and Shari Derrow moved to withdraw as counsel for Mr. Burford on February 11, 2022. (ECF No. 37). In their motion, counsel report that Mr.

Burford did not respond to either counsel's correspondence asking him whether he wants voluntarily to withdraw his motion or counsel's motion to withdraw.  Accordingly, counsel's motion to withdraw will be granted and the court will dismiss Mr. Burford's motion without prejudice, finding that he was not "in custody."

I.   BACKGROUND

Mr. Burford was convicted of possession of a firearm by a convicted felon (count 1) and possession of controlled substances (count 2) and sentenced on October 4, 1999, to 33 months imprisonment on count 1 and a concurrent 12 months on count 2. (ECF No. 9).  Mr. Burford was released from imprisonment on December 28, 2001, to begin his two year period of supervised release.  He was convicted of a new offense on July 14, 2003, (possession of a firearm), and, because he violated the terms of supervised release, an 18-month sentence was imposed to run concurrent with the sentence imposed in Criminal No. DKC 02-0536 followed by an 18-month period of supervised release.  (ECF No. 12). He was released October 28, 2008.  The court issued a judgment on May 8, 2009, in Criminal No. DKC 02-0536, sentencing Mr. Burford to another period of imprisonment.  Mr. Burford's supervising supervisory probation officer submitted a memorandum on November 8, 2011, requesting permission to supervise this case

jointly with Criminal No. DKC 02-0536 upon Mr. Burford's release from prison because his case was inactive during his period of incarceration.  The request was approved for an eleven (11) month period.  (ECF No. 14).  Mr. Burford was released on December 26, 2013, and, although he was again found to be in violation the terms of his supervised release on April 28, 2014, (ECF No. 30), his period of supervised release was continued and expired on October 20, 2014.

II.  ANALYSIS

> The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3) (emphasis added); see also 28 U.S.C. § 2254(a).  We have interpreted the statutory language as requiring that the habeas petitioner be "in custody" under a conviction or sentence under attack at the time his petition is filed.  See *Carafas v. LaVallee*, 391 U.S. 234 (1968).

*Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (string citations omitted).  The court recognized the "expanding definition" of the term "custody" when it took as a given that "we no longer require physical detention as a prerequisite to habeas relief." *Rumsfeld v. Padilla*, 542 U.S. 426, 437 & n.10 (2004) (collecting cases but deciding the case on other grounds).  In *Jones v. Cunningham*, 371

U.S. 236, 238 (1963), the Court explained that, "[w]hile limiting its availability to those 'in custody,' the statute does not attempt to mark the boundaries of 'custody.'"  Rather, it looks to common-law usages and the history of habeas corpus to analyze whether a "given restraint on liberty" meets the test.  *Jones*, 371 U.S. at 238.  Such historical uses also included allowing an "alien seeking entry into the United States" to seek the writ's relief, and ultimately included any legal "restraints not shared by the public generally."  *Id.* at 239 & n.9, 240, 243 (collecting cases and finding a parolee qualified as "in custody").

 Some form of physical restraint, currently or potentially in the future, must be present.  *See, e.g.*, *Wilson v. Flaherty*, 689 F.3d 332, 333 (4th Cir. 2012) (requiring an individual to register as a sex offender after having fully served a sentence for rape does not mean he is "in custody"); *Blanco v. Fla.*, 817 Fed.Appx. 794, 796 (11th Cir. 2020) (citing *Maleng,* 490 U.S. at 491-92) ("When a prisoner's sentence has fully expired, he is not 'in custody' as required by § 2241, and the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purpose of a habeas attack upon it."). Accordingly, Mr. Burford was not in custody when counsel filed the pending motion and it will be dismissed.

III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. §§ 2254 or 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the petitioner.  A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's order.  *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Where the court denies the petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that "reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); see also *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Where a motion is denied on a procedural ground, a certificate of appealability will not issue unless the petitioner can "demonstrate both (1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Rose v.*

5

*Lee,* 252 F.3d 676, 684 (4th Cir. 2001) (internal marks omitted). Mr. Burford does not satisfy the above standards. Accordingly, a certificate of appealability will not issue.

IV. CONCLUSION

Mr. Burford's sentence in this case, both confinement and period of supervised release, were satisfied prior to June 11, 2020, the date the pending motion was filed. Because Mr. Burford is not "in custody," he may not bring a motion challenging his conviction and the motion will be dismissed. A Certificate of Appealability will not issue. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge